1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   CAROL LOVEGREN,                          )

8                    Plaintiff,              )        CASE NO. C06-1089-JLR-MJB

9          v.                                )        REPORT AND
                                             )        RECOMMENDATION
10  MICHAEL J. ASTRUE,[1]                     )
    Commissioner of Social Security,         )

11                                           )
                     Defendant.              )
12  _____ )

13          Plaintiff Carol Lovegren appeals to the District Court from a final decision of the

14  Commissioner of the Social Security Administration (the "Commissioner") denying her

15  application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

16  For the reasons set forth below, it is recommended that the Commissioner's decision be

17  REVERSED and the matter REMANDED for further proceedings.

18                              I.  PROCEDURAL HISTORY

19          Plaintiff applied for DIB on May 1, 2002, alleging disability since April 2, 1994.  Tr. 64.

20  Plaintiff identified her impairments as manic depressive bipolar disorder accompanied by anxiety

21  and panic disorder; "periods of feeling unable to breathe"; chronic painful irritable bowels;

22  chronic irritable incontinent bladder; and tendinitis in the arms.  Tr. 54.  The Social Security

23

24          [1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g).  Michael J. Astrue

25  became Commissioner of Social Security on February 12, 2007.

REPORT AND RECOMMENDATION
26  PAGE - 1

1   Administration denied Plaintiff's application initially (Tr. 23-26) and upon reconsideration.  Tr.

2   29-31.  A hearing was held before Administrative Law Judge ("ALJ") Cheri Filion, on August

3   23, 2004.  Tr. 564.  Plaintiff, who was represented by counsel, testified at the hearing (Tr. 570-

4   594) and amended her alleged disability onset date from April 2, 1994  to October 1, 2000. Tr.

5   567-68.  The ALJ issued an unfavorable decision on February 26, 2005, finding Plaintiff able to

6   perform her past relevant work despite her limitations, and thus, not under a disability at any time

7   through the date of the decision.  Tr. 19.  On June 27, 2006, the Appeals Council denied

8   Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

9   Tr. 5-8.  Plaintiff timely filed her appeal with this Court on August 2, 2006.

## II. THE PARTIES' POSITIONS

11      Plaintiff requests that the Court reverse the Commissioner's decision and award benefits

12   or, in the alternative, remand for further administrative proceedings. Dkt. #10.  Plaintiff argues

13   that the ALJ erred at her step four analysis by failing to base her determination that Plaintiff

14   could perform her past relevant work on substantial evidence.  *Id*. at 6.  Plaintiff alleges the ALJ

15   made the following six errors: 1) improperly finding Plaintiff had past relevant work as a

16   computer input person; 2) improperly finding Plaintiff had past relevant work as a clerical

17   worker; 3) improperly finding Plaintiff had past relevant work as a senior secretary; 4)

18   erroneously concluding Plaintiff could perform her past relevant work as a file custodian when

19   no findings were made regarding the job's physical and mental demands; 5) improperly using the

20   ambiguous term "majority" to describe Plaintiff's residual functional capacity; and 6) improperly

21   finding Plaintiff could perform semi-skilled or skilled work when Plaintiff's impairments were

22   found "severe." *Id.* at 6-15.

23      The Commissioner concedes that: 1) Plaintiff sustained the presumption that her earnings

24   between July 1997 and June 2001 did not reflect substantial gainful activity; and 2) Plaintiff's

25

26   REPORT AND RECOMMENDATION
    PAGE - 2

1   work as a senior secretary fell outside of the past relevant period.[2]  Dkt. #12 at 4.  However,

2   Defendant contends that the Commissioner's decision should be affirmed because the ALJ's

3   determination is supported by substantial evidence and Plaintiff did not meet her burden at step

4   four for providing evidence and proving that she could no longer perform her past relevant work.

### III.  STANDARD OF REVIEW

6          The court may set aside the Commissioner's denial of social security disability benefits

7   when the ALJ's findings are based on legal error or not supported by substantial evidence in the

8   record as a whole.  *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence is

9   defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence

10  as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*,

11  881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving

12  conflicts in medical testimony, and for resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,

13  1039 (9th Cir. 1995).  Where the evidence is susceptible to more than one rational interpretation,

14  it is the Commissioner's conclusion which must be upheld.  *Sample v. Schweiker*, 694 F.2d 639,

15  642 (9th Cir. 1982).

### IV.  EVALUATING DISABILITY

17         The claimant bears the burden of proving that he is disabled.  *Meanel v. Apfel*, 172 F.3d

18  1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial

19  gainful activity by reason of any medically determinable physical or mental impairment, which

20  can be expected to result in death, or which has lasted or can be expected to last for a continuous

21  period of not less than twelve months.  42 U.S.C. § 423 (d)(1)(A).

22         The Social Security regulations set out a five-step sequential evaluation process for

23

24         [2] Past relevant work is work that has been done within the past fifteen years.  20 C.F.R. §
    404.1560(b)(1) (2006).
25
    REPORT AND RECOMMENDATION
26  PAGE - 3

1    determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20

2    C.F.R. § 416.920.  At step one, the claimant must establish that he or she is not engaging in any

3    substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, the claimant

4    must establish that he or she has one or more medically severe impairments or combination of

5    impairments.  If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.*

6    at § (c).  At step three, the Commissioner will determine whether the claimant's impairment

7    meets or equals any of the listed impairments described in the regulations.  A claimant who meets

8    one of the listings is disabled. *See id.* at § (d).

9        At step four, if the claimant's impairment neither meets nor equals one of the impairments

10    listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity

11    and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e).  If the

12    claimant is not able to perform his or her past relevant work, the burden shifts to the

13    Commissioner at step five to show that the claimant can perform some other work that exists in

14    significant numbers in the national economy, taking into consideration the claimant's residual

15    functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d

16    1094, 1100 (9th Cir. 1999).  If the Commissioner finds the claimant is unable to perform other

17    work, then the claimant is found disabled.

18                    V.  PLAINTIFF'S EMPLOYMENT AND MEDICAL BACKGROUND

19        Plaintiff, who was born December 1944, was 59 years old at the time of the hearing

20    before the ALJ.  Tr. 570.  She is a high school graduate and has a two-year Associate in Arts

21    degree.  Tr. 61, 572.  She has worked previously as a computer input person-clerical, file

22    custodian, secretary-receptionist, and senior secretary.  Tr. 55, 62, 74-81.  In her disability

23    report, Plaintiff stated she could not work because she feels "sick and ill much of the time and

24    unable to go to work and other commitments."  Tr. 54.  She also claims to be limited by stress,

25
    REPORT AND RECOMMENDATION
26    PAGE - 4

1  have difficulty concentrating, nausea, stomach pain, anxiety, trouble breathing, bladder

2  incontinence, tendinitis in the arms, and a bad knee.  Tr. 62-63.  The medical record includes

3  diagnoses of anxiety, depression, somatization disorder, asthma, diverticulosis, gastroesophagael

4  reflux disease, irritable bowel syndrome, and overactive bladder.  Tr. 159, 166, 280, 284, 270.

5  Plaintiff also has been diagnosed with a bipolar disorder which has led to one incident of a mania

6  attack that required hospitalization.  Tr. 62.

7  VI.  THE ALJ'S DECISION

8  The ALJ found that Plaintiff has not engaged in substantial gainful activity during the

9  relevant period.  Tr. 19.  The ALJ determined that Plaintiff has the following severe impairments:

10  bipolar disorder and features of personality disorder.  *Id*.  The ALJ determined that these

11  impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P of the

12  Regulations.  *Id*.

13  The ALJ determined that Plaintiff's residual functional capacity ("RFC") enables her to

14  physically perform a full range of light work and mentally perform simple repetitive tasks as well

15  as some more complex tasks a majority of the time.  *Id*.  Thus, she concluded that Plaintiff is able

16  to perform her past relevant work as a computer input person, a clerical worker, a file custodian

17  and a senior secretary as these positions do not require the performance of work-related

18  activities precluded by her RFC.  *Id*.  In reaching this decision, the ALJ found Plaintiff's

19  allegations regarding her limitations as "not totally credible."  *Id*.  Because the ALJ found that

20  Plaintiff's limitations did not preclude her from performing her past relevant work, she ended her

21  analysis at step four.  *Id*.

22  VII.  DISCUSSION

23  The Commissioner conceded to the ALJ's errors regarding Plaintiff's third claim of

24  improperly finding Plaintiff had past relevant work as a senior secretary (see above, Section II);

25

26  REPORT AND RECOMMENDATION
   PAGE - 5

1  the discussion which follows pertains to the remaining claims.

2  A.  Plaintiff's Past Relevant Work Was Not Substantial Gainful Activity

3  Plaintiff argues that the ALJ erred in finding Plaintiff had past relevant work as a

4  "computer-input person" because the time period in which this job was performed did not

5  constitute substantial gainful activity.  Dkt. #10 at 6-7.  In order to be deemed past relevant work

6  under step four, the work must have been substantial gainful activity.  20 C.F.R. §§

7  404.1560(b)(1).  The Commissioner concedes that Plaintiff met her burden in proving that the

8  earnings attained during the July 1997 to June 2001 period were presumptively not substantial

9  gainful activity.  Dkt. #12 at 4.  However, in making this concession, the Commissioner does not

10  directly identify the job Plaintiff held during this time.  *Id*.  From July 1997 to June 2001 Plaintiff

11  held the job of "computer input for mother-in-law's trust and home clerical."  Tr. 55.  This is the

12  computer input job at issue in claim one.  Accordingly, because Plaintiff worked as a computer

13  input person during the non-substantial gainful activity period, the ALJ's finding that the

14  computer input job constituted past relevant work is legal error.

15  Additionally, Plaintiff argues that the ALJ erred in finding Plaintiff had past relevant work

16  as a "clerical worker" because this job title does not accurately identify any of Plaintiff's past

17  jobs.  Dkt. #10 at 8.  Of the past jobs listed by Plaintiff, there is only one position that contains

18  the word "clerical" in its title or description, and that is, "computer input for mother-in- law's

19  trust and home-clerical."  Tr. 55, 62, 74-81.  This work took place between July 1997 and June

20  2001 and is the same as the computer input job.

21  B.  ALJ's Use of "Clerical Worker" as Impermissibly Broad

22  Plaintiff also argues in claim two that the use of the title "clerical worker" is

23  impermissibly broad.  The ALJ concluded that based upon Plaintiff's RFC "and evidence in the

24  record, the claimant could have returned to work as a computer input person, **a clerical worker**,

25

26  REPORT AND RECOMMENDATION
   PAGE - 6

1    a file custodian, and/or a senior secretary during the relevant period." Tr. 18.  (Emphasis added).

2    However, the ALJ gave no further description or specific findings for the job.       In *Vertigan v.*

3    *Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001), the Court stated that

> [t]he rulings make it clear that broad generic occupational classifications of a job such as "delivery job" or "packing job" are insufficient to test whether a claimant can perform past relevant work.  *See* Soc. Sec. Rul 82-61… In addition, Social Security Ruling 82-61 states, in pertinent part: 'Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable.' *Id.* (citation omitted).

*See also Banks v. Barnhart*, 434 F. Supp. 2d 800, 807 (C.D. Cal., 2006) (Without specific

findings regarding the demands and requirements of a "care provider," the ALJ's step four

determination or finding that plaintiff can perform his past relevant work as a "care provider" is

conclusory and not supported by substantial evidence).  Thus, by not making further factual

findings regarding the mental or physical demands of Plaintiff's past work as a clerical worker,

the ALJ was in error.

C.       <u>Determining the Physical and Mental Demands of Past Relevant Work</u>

       Plaintiff argues that the ALJ's determination that Plaintiff could perform her past work as

a "file custodian" was erroneous because the ALJ failed to make explicit findings as to the

physical and mental demands of the job in comparison to the Plaintiff's RFC.  Dkt. #10 at 11.

The Commissioner argues that sufficient evidence regarding the demands of Plaintiff's job as a

"file custodian" exists in the record, and therefore this Court should infer that the ALJ's decision

is supported by substantial evidence.  Tr. 55, 76.  Dkt. #12 at 4-6.[3]  However, "[w]e are

constrained to review the reasons the Commissioner asserts."  *Connett v. Barnhart*, 340 F.3d

871, 874 (9th Cir. 2003); *see also Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001)

---

     [3] The Commissioner relies upon the reasoning in *Batson v. Comm'r*, 359 F.3d 1190, 1193. (9th Cir. 2004) which urges a harmless error standard.  The Court disagrees.

REPORT AND RECOMMENDATION
PAGE - 7

1  (Federal court cannot affirm the decision of an agency on grounds the agency did not invoke in

2  making its decision).

3       In fact, a review of the ALJ's decision reveals that no explicit findings were made

4  regarding the mental or physical demands of Plaintiff's past work as a "file custodian."  Tr. 14-

5  19.  "To determine whether a claimant has the residual functional capacity to perform his past

6  relevant work, the ALJ must ascertain the demands of the claimant's former work and then

7  compare the demands with his present capacity."  *Villa v. Heckler*, 797 F.2d 794, 797-98 (9th

8  Cir. 1986); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "This requires specific

9  findings as to the claimant's residual functional capacity, the physical and mental demands of the

10 past relevant work, and the relation of the residual functional capacity to the past work."  *Pinto*,

11 249 F.3d at 845.  Accordingly, the ALJ failed to satisfy step four because she did not specifically

12 address the physical demands of Plaintiff's past work.[4]

13 D.     ALJ's "Severe" Impairment Determination

14       Plaintiff argues that the ALJ erred in finding Plaintiff able to do semi-skilled work

15 because a determination of Plaintiff's mental impairments as "severe" should preclude any work

16 more demanding than unskilled work.  Dkt. #10 at 14.  Plaintiff argues that the Court infers that

17 by determining Plaintiff's condition of bipolar and personality disorder as severe at step two, the

18 ALJ could only find Plaintiff was able to perform unskilled work, precluding any semi-skilled

19 past relevant work.  Dkt. #10 at 14.  Plaintiff argues that this conclusion is supported by SSR 96-

20 3p which states:

21

22       [i]f the adjudicator finds that such symptoms cause a limitation or restriction having more

23

24       [4] Plaintiff argues that the ALJ's use of the word "majority" in her RFC assessment to describe the
   frequency with which Plaintiff could perform more complex tasks is ambiguous.  Dkt. #10 at 14.  This
   Court finds the word "majority" unambiguous and Plaintiff's claim of error here is unpersuasive.

25

26 REPORT AND RECOMMENDATION
   PAGE - 8

1    than a minimal effect on an individual's ability to do basic work activities, the adjudicator
     must find that the impairment(s) is severe and proceed to the next step in the process
2    even if the objective medical evidence would not in itself establish that the impairment(s)
     is severe.
3

4    However, SSR 96-3 does not state that a finding of a "severe" impairment and a finding that

5    Plaintiff is able to perform semi-skilled work are contradictory.  In determining Plaintiff's RFC,

6    an ALJ assesses all the evidence, including Plaintiff's and others' descriptions of limitations, and

7    medical reports, to determine what capacity the claimant has for work despite her impairments.

8    *See* 20 C.F.R. §§ 404.1545(a), 416.945(a).

9        Unskilled work is defined in 20 C.F.R. § 404.1568(a) as:

10       (a) Unskilled work.  Unskilled work is work which needs little or no judgement to do
         simple duties that can be learned on the job in a short period of time.  The job may or
11       may not require considerable strength.  For example, we consider jobs unskilled if the
         primary work duties are handling, feeding and offbearing (that is, placing or moving
12       materials from machines which are automatic or operated by others), or machine tending,
         and a person can usually learn to do the job in 30 days, and little specific vocational
13       preparation and judgment are needed.  A person does not gain work skills by doing
         unskilled jobs.
14

15       Semi-skilled work is defined in 20 C.F.R. § 404.1568(b):

16       (b) Semi-skilled work.  Semi-skilled work is work which needs some skills but does not
17       require doing the more complex work duties.  Semi-skilled jobs may require alertness and
         close attention to watching machine processes; or inspecting, testing or otherwise looking
18       for irregularities; or tending or guarding equipment, property, materials, or persons
         against loss, damage or injury; or other types of activities which are similarly less
19       complex than skilled work, but more complex than unskilled work.  A job may be
         classified as semi-skilled where coordination, dexterity are necessary, as when hands or
20       feet must be moved quickly to do repetitive tasks.

21       The ALJ stated that Plaintiff's mental impairments although "long-standing … did not

22   preclude substantial work activity in the past.  Nonetheless, I give her the benefit of the doubt

23   and consider her mental limitations to be severe for this decision." Tr. 17.  Immediately

24   following this quote the ALJ also included a list of daily activities to illustrate the complex tasks

25

26   REPORT AND RECOMMENDATION
     PAGE - 9

the Plaintiff has also performed during the alleged period of disability.[5]  Tr. 18.  The

Commissioner may be correct in that reasonable inferences can be drawn from Plaintiff's daily

activities that she can do more than unskilled work.  Upon remand for the reasons stated above

in sections A, B and C, the ALJ should resolve this issue.  <u>Andrews</u>, 53 F.3d at 1039.

VIII.  CONCLUSION

The Commissioner's determination to deny Plaintiff disability benefits is neither

supported by substantial evidence nor free of legal error.  Based on the record evidence, the

undesigned recommends that the Commissioner's decision be REVERSED and REMANDED

for further proceedings.  A proposed Order accompanies this Report and Recommendation.

DATED this 28th day of March, 2007.


MONICA J. BENTON
United States Magistrate Judge

---

[5] Plaintiff drives her husband " to the hospital up to three times a week.  She also drives every day for various other reasons." Tr. 18.  Plaintiff goes shopping in Edmonds and Woodenville.  *Id*.  Plaintiff also reported "cooking, doing the dishes, the laundry, vacuuming, and sweeping…walking for exercise and reading biographies."  *Id*.  Plaintiff also testified to assisting her husband in and out of bed and administering his medications.  *Id*.  Plaintiff stated that she liked the following activities: walking, going for picnics on the beach, or out to listen to music.  *Id*.  She has been dancing three months previously [late May, 2004].  Tr.18.

REPORT AND RECOMMENDATION
PAGE - 10